```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


LIBERTY MUTUAL FIRE                      CIVIL ACTION
INSURANCE CO.

VERSUS                                   NO: 12-1296


THE HARTFORD INSURANCE CO.,              SECTION: "A" (1)
ET AL.
```

### ORDER AND REASONS

Before the Court is a **Motion to Dismiss, or in the Alternative, Stay Proceedings (Rec. Doc. 14)** filed by defendant Hartford Underwriters Insurance Co.  Plaintiff Liberty Mutual Fire Insurance Co. opposes the motion.  The motion, scheduled for submission on July 18, 2012, is before the Court on the briefs without oral argument.

This case arises out of work performed to expand Entergy's chilled water distribution system in the New Orleans Central Business District.  Defendant Boyer, Inc. was under contract with Entergy to install underground piping in conjunction with the project.  Two property owners filed suit against Entergy and Boyer claiming that the work damaged their property.  Those lawsuits, referred to as the <u>Johnann</u> and <u>Civic Center</u> matters, are currently pending in state court in Orleans Parish.

Liberty Mutual, the plaintiff herein, is not a party to either of those lawsuits.  Liberty Mutual is Entergy's insurer

1

and Liberty Mutual asserts that it has incurred significant expenses defending Entergy in the state court lawsuits--expenses that Liberty Mutual contends Boyer and Hartford, the defendants herein, are responsible for pursuant to Entergy's contract with Boyer.

In the instant action, Liberty Mutual is suing as Entergy's subrogee to have this Court determine that Defendants are obligated to reimburse defense costs pursuant to the Entergy/Boyer contract.  Hartford now moves the Court to exercise its discretion to either dismiss or stay this matter as premature.  Hartford argues that virtually all of the claims pending in this suit overlap with issues in the state court actions.  Moreover, according to Hartford, Boyer's indemnity obligation, and therefore Hartford's, does not trigger until a determination has been made that Boyer was at fault for the damages claimed in the state court suits.

In opposition, Liberty Mutual contends that the Court should not exercise its discretionary authority to dismiss this case because the Trejo factors militate against dismissal.  Liberty Mutual also argues against having the Court stay this case pending resolution of the state court lawsuits.  However, if the Court were inclined to do so, Liberty Mutual points out that Entergy has settled the Johnann case and therefore there is no rationale for staying the indemnity claims arising out of that

case.

Under the Declaratory Judgment Act a district court has discretion to decide whether to entertain the action. <u>St. Paul Insurance Co. v. Trejo</u>, 39 F.3d 585, 590 (5th Cir. 1994) (<u>citing</u> 28 U.S.C. § 2201)). Relevant factors that the Court must consider in determining whether to dismiss an action include 1) whether there is a pending state court action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, and 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy. <u>Trejo</u>, 39 F.3d at 590-91 (<u>quoting</u> <u>Travelers Ins. Co. v. La. Farm Bureau Federation</u>, 996 F.2d 774, 778 (5th Cir. 1993)). Additionally, the Court must ascertain whether it is being called upon to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. <u>Id.</u> Basically the formulation addresses three broad areas: 1) federalism, 2) fairness/improper forum shopping, and 3) efficiency. <u>See</u> <u>Sherwin-Williams Co. v. Holmes County</u>, 343 F.3d 383, 390-91 (5th

Cir. 2003).

The Court agrees with Liberty Mutual's contention that the <u>Trejo</u> factors do not weigh in favor of an outright dismissal of the complaint.  Certainly there is nothing to suggest that Liberty Mutual filed suit in anticipation of a lawsuit by Defendants or that Liberty Mutual engaged in forum shopping.  In fact, Liberty Mutual attempted to intervene in the state court proceedings but Hartford opposed that attempt and the state court judge was persuaded that Hartford had the better position and denied the request.  The federal forum is no more or less convenient a forum than the state court forum, which is located a mere stone's throw from this Court.  At this time, there is no state judicial decree that this Court would be required to construe.

On the other hand, several aspects of this case persuade the Court that at the very least a stay of this action is appropriate while the state court cases run their course.  First, implicit in Liberty Mutual's position in this Court, is the contention that Boyer is strictly liable for all property damage arising from the contract work regardless of fault.  Hartford, on the other hand, points to contractual language that suggests that liability is based only on fault.  This very issue, which is key to the indemnity determination, has been the subject of motion practice in the <u>Johnann</u> case and is still a pending issue in that case

4

because the state court judge denied Entergy's motion for summary judgment.  Trial is scheduled for December of this year.  In order to adjudicate Liberty Mutual's declaratory complaint, this Court would have to usurp the very indemnification question that is pending in state court.  And even though it was Liberty Mutual and not Entergy who brought this complaint, Liberty Mutual did so as Entergy's subrogee.  Thus, the crucial issue of contractual indemnity is in essence parallel between this lawsuit and the state court cases.

Moreover, assuming that the contractual indemnity obligation is resolved in Hartford's favor, <u>i.e.</u>, Boyer only owes indemnity for expenses and costs flowing from its own fault, then Hartford is correct that this declaratory action is premature because the issue of fault between Entergy and Boyer is still pending in state court and will properly be decided by that court.  Thus, the most important issues necessary to resolving Liberty Mutual's declaratory complaint are going to be resolved in state court.  Nothing would be more offensive to the concepts of judicial economy, federalism, and fairness than to allow Liberty Mutual to now adjudicate Entergy's contractual claims against Boyer in this Court.

Furthermore, the fact that Entergy settled out of the <u>Johnann</u> case is of no moment because Entergy only settled with the plaintiffs in that case.  The contractual claims between

Entergy and Boyer are still pending and those are the claims that are implicated in Liberty Mutual's declaratory action in this Court.

Indeed, some courts in exercising their discretion might conclude that a careful weighing of the Trejo factors does in fact militate in favor of dismissal. Perhaps there will be little, if anything, that this Court can properly adjudicate once the state court actions are concluded. Nonetheless, the Court remains persuaded that the more cautious course of action is simply to stay this matter pending the conclusion of the state court proceedings.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss, or in the Alternative, Stay Proceedings (Rec. Doc. 14)** filed by defendant Hartford Underwriters Insurance Co. is **GRANTED**. This matter is **STAYED** and **CLOSED** for administrative purposes pending the conclusion of the state court cases. The Court shall retain jurisdiction and the case shall be restored to the trial docket upon motion of a party if circumstances change, so that it may proceed to final disposition; this order shall not prejudice the rights of the parties to this litigation.

August 1, 2012

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE